

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-11-00140-CR

_____

HAROLD JAY JONES, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 6th Judicial District Court
Red River County, Texas
Trial Court No. CR00708

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Moseley

MEMORANDUM OPINION

Harold Jay Jones was convicted of delivery of a controlled substance in a drug-free zone[1] and sentenced to five years' incarceration, which sentence was probated for a period of five years. Jones appeals the judgment revoking his community supervision and sentencing him to five years' incarceration. Jones was represented by different appointed counsel at trial and on appeal.

Jones' attorney on appeal has filed a brief which discusses the record and reviews the proceedings in detail. Counsel has thus provided a professional evaluation of the record demonstrating why, in effect, there are no arguable grounds to be advanced. This meets the requirements of *Anders v. California*, 360 U.S. 738 (1967); *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1981); and *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. [Panel Op.] 1978).

Counsel mailed a copy of the brief to Jones on November 14, 2011, informing Jones of his right to file a pro se response and of his right to review the record. Counsel has also filed a motion with this Court seeking to withdraw as counsel in this appeal. Jones has neither filed a pro se response, nor has he requested an extension of time in which to file such a response.

We have determined that this appeal is wholly frivolous. We have independently reviewed the clerk's record and the reporter's record, and we agree that no arguable issues support an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).

---

[1]*See* TEX. HEALTH & SAFETY CODE ANN. § 481.114 (West 2010).

2

Counsel has pointed out, however, a clerical error in the judgment. The trial court's amended judgment revoking community supervision states that Jones pled true to the allegations in the motion to revoke community supervision. At the revocation hearing, Jones entered an ambiguous plea. The trial court, therefore, entered a plea of not true to all allegations. Accordingly, we will reform the judgment to reflect a plea of "not true" to the motion to revoke. *See French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992) (appellate court has authority to reform judgment to make the record "speak the truth" when matter has been called to its attention by any source).

In a frivolous appeal situation, we are to determine whether the appeal is without merit and is frivolous, and if so, the appeal must be dismissed or affirmed. *See Anders*, 386 U.S. 738.

We affirm the judgment of the trial court, as reformed.[2]


Bailey C. Moseley
Justice

Date Submitted:     January 30, 2012
Date Decided:      January 31, 2012

Do Not Publish

---

[2]Since we agree this case presents no reversible error, we also, in accordance with *Anders*, grant counsel's request to withdraw from further representation of appellant in this case. No substitute counsel will be appointed. Should appellant wish to seek further review of this case by the Texas Court of Criminal Appeals, appellant must either retain an attorney to file a petition for discretionary review or appellant must file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing or for en banc reconsideration was overruled by this Court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with the clerk of the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3 (amended by the Texas Court of Criminal Appeals Misc. Docket No. 11-104, effective Sept. 1, 2011). Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.4.